**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4339**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE VASQUEZ-HERNANDEZ, a/k/a Flako,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:16-cr-00180-BO-1)

Submitted:  December 18, 2017                    Decided:  January 11, 2018

Before GREGORY, Chief Judge, and WYNN and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jorgelina E. Araneda, ARANEDA LAW FIRM, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Vasquez-Hernandez ("Hernandez") pled guilty to conspiracy to distribute and to possess with intent to distribute an unspecified quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012). On appeal, Hernandez argues only that plea counsel was ineffective. We affirm.

It is well established that we do not consider ineffective assistance of counsel claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record." *United States v. Faulls*, 821 F.3d 502, 507 (4th Cir. 2016). To prevail on his ineffective assistance of counsel claim, Hernandez "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the plea context, "to satisfy the 'prejudice' requirement, [Hernandez] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Hernandez argues that his privately retained attorney was ineffective in that, prior to counseling Hernandez to plead guilty, he failed to discuss with Hernandez either (a) the evidence provided by the Government during discovery, or (b) the strategic options available to Hernandez. But our review of the record revealed no conclusive evidence to support either contention. To the contrary, these claims appear to be belied both by Hernandez's testimony at the Fed. R. Crim. P. 11 hearing and the information provided at sentencing. Because Hernandez has failed to make a conclusive showing on the face of the record that counsel's performance was constitutionally deficient in either

2

regard, Hernandez's ineffective assistance of counsel claim should be raised, if at all, in a motion pursuant to 28 U.S.C. § 2255 (2012). *See Faulls*, 821 F.3d at 507-08.

Hernandez raises no other assignments of error, and we therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*